IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 APR 17 A 11: 48

CLERK
SO. DIST. OF GA.

DANIEL ERIC COBBLE,

    Plaintiff,

v.

BRIAN OWENS, Commissioner of
Georgia Department of Corrections,

    Defendant.

CIVIL ACTION NO.: CV613-020

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Baldwin State Prison in Hardwick, Georgia, filed an action, as amended, pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was housed at Smith State Prison in Glennville, Georgia. A prisoner proceeding against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

AO 72A
(Rev. 8/82)

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under § 1915(g): (1) Cobble v. Cobb Cnty. Police, 1:02-CV-2821 (N.D. Ga. Nov. 7, 2002) (dismissed as frivolous); (2) Cobble v. Ward, 1:04-CV-0560 (N.D. Ga. Mar. 31, 2004) (dismissed pursuant to § 1915A); and (3) Cobble v. Bloom, 1:04-CV-1150 (N.D. Ga. May 13, 2004) (dismissed as frivolous).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases which qualify as strikes under section 1915(g), Plaintiff may not proceed in forma pauperis in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). "[A] prisoner's allegation that he faced imminent danger sometime in

AO 72A
(Rev. 8/82)

the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Id.

Plaintiff contends that, at some point in 2012, Defendant Owens threatened to kill or seriously injure him by using the CERT officers at Smith State Prison. Plaintiff also sets forth allegations which appear to be related to his criminal prosecution. In addition, Plaintiff sets forth various allegations which are unrelated to his claim that Defendant Owens threatened him. Moreover, Plaintiff filed a Motion for Emergency Injunction, an Emergency Motion, and a Motion for Contempt, all of which contain allegations unrelated to the assertions Plaintiff makes in his Complaint. Plaintiff's Motion for Emergency Injunction should be summarily **DENIED**. (Doc. No. 5). Plaintiff's Emergency Motion and his Motion for Contempt (Doc. Nos. 11, 16) are **DENIED**.[1]

Plaintiff has not shown that he was in imminent danger of serious physical injury at the time he filed his Complaint on February 25, 2013. The Court **VACATES** its March 7, 2013, Order. Plaintiff's request to proceed in forma pauperis is **DENIED**, and this case should be **DISMISSED**, without prejudice. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full filing fee.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this __17th__ day of April, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned notes that Plaintiff wishes to contest the strikes he has accumulated. However, any such desire is unrelated to whether Plaintiff was in imminent danger of serious physical injury at the time he filed his Complaint. In addition, there is nothing before the Court indicating that Plaintiff's previous strikes were assigned to him incorrectly.