UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DANIEL ERIC COBBLE,

Plaintiff,

v.                    6:13-cv-20

BRIAN OWENS, Commissioner of
Georgia Department of Corrections

Defendant.

## ORDER

Before the Court are the following motions filed by Daniel Cobble: (1) Application for Certificate of Appealability, ECF No. 29; (2) Motion to Proceed In Forma Pauperis ("IFP") on Appeal, ECF No. 30; (3) Motion to Reverse Dismissal, which the Court construes as a motion for reconsideration, ECF No. 31; and (4) Motion to Arrest U.S. District B. Avant Edenfield For Felony False Swearing, ECF No. 32. The Court addresses each in turn.

Cobble asserts claims under 42 U.S.C. § 1983 in this case. To appeal a dismissal of those claims he need not seek a certificate of appealability. Certificates need only issue in habeas corpus actions. *See* 28 U.S.C. § 2253(c)(1). Cobble's application for certificate of appealability therefore is ***DISMISSED AS MOOT***.

Turning now to Cobble's motion to proceed IFP. ECF No. 30. "An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Good faith means that an issue exists on appeal that is not frivolous when judged under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Busch v. Cnty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A claim is frivolous if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

Cobble challenges this Court's conclusion that the Prison Litigation Reform Act's ("PLRA") three strikes rule requires him to prepay the entire filing fee or face dismissal. *See* ECF No. 29 at 1. He claims to be in imminent danger of serious physical injury "at every prison in this entire State" and thus excepted from the PLRA's filing fee requirement. *Id.*; 28 U.S.C. § 1915(g).

Cobble's claims are without any merit. In its order adopting the Magistrate Judge's Report and Recommendations, the Court noted that "[t]here is nothing before the Court, other than Plaintiff's general allegations to the contrary," to support Cobble's claim to the PLRA exception. Cobble continues to make the same general allegations in the three motions now before the Court. What was true once is true again: Cobble's general allegations cannot are "an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the [PLRA]." *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

The issues Cobble asserts on appeal are frivolous any way you slice them. He has presented no specific facts to support his general allegations of imminent danger. The Court therefore certifies that his claims are without merit and not taken in good faith.

Cobble's motion to proceed IFP is **DENIED**.

For the same reasons as the Court denies Cobble's motion to proceed IFP, it also **DENIES** Cobble's motion for reconsideration. ECF No. 31.

Lastly, the Court addresses Cobble's "Motion to arrest U.S. District [Judge] B. Avant Edenfield for Felony False swearing." ECF No. 32. Cobble claims that the Court, in its adoption order, lied when it stated that (1) Cobble did not claim to be in imminent danger; (2) Cobble presented nothing other than general allegations to support his assertion that his previous suits should not count as strikes under the PLRA; and (3) Cobble's claims are without merit. *Id.* at 1-2.

Cobble clearly claimed imminent danger. And that his previous suits should not count as strikes. Cobble misreads the Court's order if he thinks it says the opposite. But while Cobble may have claimed the exception and argued his previous suits should not count as strikes, he did so only via general allegations, which, as noted above, are insufficient to support his proceeding IFP.

Moreover, Cobble's claims *are* without merit. The only thing Cobble offers to support his assertion that the Court lied in concluding his claims lacked merit is: "because there is so much merit it ain't funny." As with every other statement in Cobbles motions, pleadings, and filings, that is a general allegation insufficient to accomplish anything in Cobble's favor. To go any further in addressing Cobble's claims, which continue, despite his assertion to the contrary, to be meritless, would be a waste of ink. Cobble's motion to arrest the Court is **DENIED**.

Cobble's application for certificate of appealability, ECF No. 29, is **DISMISSED AS MOOT**.

Cobble's motion to proceed IFP, ECF No. 30, is **DENIED**. The Court assesses the full filing fee of $455.

Cobble's construed motion for reconsideration, ECF No. 31, is **DENIED**.

And finally, Cobble's motion to arrest the Court, ECF No. 32, is **DENIED**.

This 15 day of July 2013.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2